UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22566-CV-MORENO
(16-20328-CR-MORENO)
MAGISTRATE JUDGE REID

ANTHONY BRIAN JONES,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.
_____/

# REPORT OF MAGISTRATE JUDGE

## I. Introduction

Before the Court is Movant's Motion to Vacate pursuant to 28 U.S.C. § 2255 attacking the constitutionality of his conviction or sentence following a guilty plea in Case No. 16-20328-CR-MORENO. [ECF No. 1].[1] This matter was referred to the Undersigned for consideration and report pursuant to S.D. Fla. Admin. Order 2019-2. [ECF No. 2]. For the following reasons, the Motion should be **DISMISSED** as time-barred and, in the alternative, **DENIED** on the merits.

---

[1] This Report uses the citation "[ECF]" to reference docket entry numbers in the instant federal habeas case. Citations to "[CR ECF]" refer to docket entry numbers in the underlying criminal case.

## II. Pertinent Procedural Background

Movant was convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). [CR ECF No. 71]. He appealed. [CR ECF No. 72]. On February 13, 2018, the U.S. Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence on appeal. *United States v. Jones*, 725 F. App'x 763 (11th Cir. 2018). Movant did not file a petition for writ of certiorari. The instant Motion followed.

## III. Discussion

A. <u>Timeliness</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") created a limitation for a motion to vacate. Pursuant to 28 U.S.C. § 2255(f), as amended on April 24, 1996, a one-year period of limitations applies to a motion under the section. The one-year period runs from the latest of:

> (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

>Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

*i. Section 2255(f)(1)*

Under § 2255(f)(1), Movant was required to file a § 2255 motion within one year from the time the judgment of conviction became final. The term "final" for purposes of § 2255 means when either (1) the time to continue seeking direct appeal expires, or (2) when the Supreme Court of the United States denies a petition for certiorari or affirms. *See, e.g.*, *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari or when the time for filing a certiorari petition expires."); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (same).

The first category applies in this case. According to Rule 13 of the Supreme Court Rules, if a defendant seeks an appeal in the United States Court of Appeals and seeks further review in the Supreme Court of the United States, the time to file a petition for writ of certiorari expires "90 days after entry of the judgment."

Here, Movant did not file a petition for writ of certiorari after the Eleventh Circuit affirmed the conviction and sentence on February 13, 2018, meaning his

conviction and sentence became final on May 14, 2018 (*i.e.*, 90 days from the Eleventh Circuit's judgment).

To be timely under § 2255(f)(1), Movant should have filed an initial motion before May 14, 2019. *See, e.g.*, *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (detailing the "anniversary method").

Treating the date of signing as the date Movant filed his Motion, pursuant to the prison mailbox rule,[2] it means the earliest date Movant filed his Motion was June 15, 2020. [ECF No. 1]. Accordingly, because the Motion was filed well after May 14, 2019 (*i.e.*, the last day the initial Motion could be timely under § 2255(f)(1)), the Motion is untimely under § 2255(f)(1).

## ii. Section 2255(f)(2)

Pursuant to § 2255(f)(2), the limitations period may commence from the date on which the impediment created by the government is removed if such impediment prevented Movant from timely filing the motion. *See, e.g.*, Atkins v. United States, 204 F. 3d 1086, 1090 (11th Cir. 2000). Movant does not rely on any such impediment.

---

[2] Absent evidence to the contrary, *pro se* prisoners presumptively deliver their filings to prison authorities on the date of signing. *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). And the date of delivery is treated as the date of filing. *Id.*

4

### *iii. Section 2255(f)(3)*

Pursuant to 28 U.S.C. § 2255(f)(3), a § 2255 motion is timely if filed within a year from the issuance of a newly-recognized constitutional right pursuant to a United States Supreme Court case and that case has been made retroactively applicable on collateral review.

Here, Movant cites *Rehaif v. United States*, 139 S. Ct. 2191 (2019) to support the timeliness of the Motion. [ECF No. 1 at 10]. *Rehaif* holds the Government "must show that [a] defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it" to support a § 922(g) conviction. *Rehaif*, 139 S. Ct. at 2194.

*Rehaif* "did not announce a new rule of constitutional law but rather clarified the [statutory] requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2)." *In re Wright*, 942 F.3d 1063, 1064-65 (11th Cir. 2019) (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)). Additionally, "even if *Rehaif* had announced a new rule of constitutional law, the Supreme Court has not made that decision retroactive to cases on collateral review." *See id.* Movant's reliance on *Rehaif*, therefore, does not make his Motion timely under § 2255(f)(3).

### *iv. Section 2255(f)(4)*

Under § 2255(f)(4). a movant must rely upon newly discovered facts that could not have been discovered through the exercise of due diligence. *Rehaif*'s

issuance, while newly discovered, is not a fact. Therefore, § 2255(f)(4) also does not apply. Absent an equitable exception, the Motion is time-barred.

### v. Equitable Tolling

A movant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted); *see also Diaz v. Sec'y, Fla Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) (characterizing the equitable tolling standard as a two-part test, stating that "equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence."). Movant has not relied upon any such obstacle.

### vi. Actual Innocence

Actual innocence may sometimes serve to overcome a procedural bar caused by an untimely filing. *See McQuiggin v. Perkins*, 569 U.S. 383, 386, 401 (2013). To succeed on a claim of actual innocence, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

"Actual innocence claims must [] be supported 'with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

6

critical physical evidence--that was not presented at trial.'" *Rich v. Dep't of Corr. State of Fla.*, 317 F. App'x 881, 882 (11th Cir. 2008) (quoting *Schlup*, 513 U.S. at 324 (1995)). Movant bears the burden to adequately allege actual innocence. *Schlup*, 513 U.S. at 327.

Here, Movant has not relied upon any new evidence of actual innocence. His reliance on *Rehaif* is a claim of legal sufficiency, not factual innocence. The Motion is, therefore, time-barred.

B. Analysis of *Rehaif* Claim

Even if the Motion were timely, Movant's *Rehaif* claim is not entitled to relief because, as already mentioned, it not retroactively applicable on collateral review. *See Durham v. United States*, No. 13-CR-60270, 2019 WL 5653858, at *8 (S.D. Fla. Oct. 9, 2019), *report and recommendation adopted*, No. 17-CV-62355, 2019 WL 5617936 (S.D. Fla. Oct. 31, 2019).

**IV. Evidentiary Hearing**

Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015). However, district courts "need not hold a hearing if the allegations are 'patently frivolous,' based upon 'unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Diveroli*, 803 F.3d at 1263 (relying upon

*Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)); *cf. Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing in a § 2254 context).

Here, Movant cannot show an evidentiary hearing would prove he is entitled to relief. The record and his allegations are sufficient to resolve this case.

## V. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus [or motion to vacate] has no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). To merit a certificate of appealability, prisoners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001).

Where a district court denies a habeas action solely on procedural grounds, the prisoner must show that reasonable jurists would find the district court's assessment of the constitutional claims and procedural ruling debatable or wrong to merit a certificate of appealability. *See Slack*, 529 U.S. at 474, 484.

In this case, there is no basis to issue a certificate of appealability.

## VI. Conclusion

Based on the foregoing, it is recommended that the motion to vacate be **DISMISSED** as time-barred and, in the alternative, **DENIED** on the merits. [ECF No. 1]. Additionally, an evidentiary hearing should be **DENIED**, and this Court should **NOT ISSUE** a certificate of appealability. Accordingly, this case should be **CLOSED**.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Signed this 7th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Anthony Brian Jones
13391-104
Hazelton-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 5000
Bruceton Mills, WV 26525
PRO SE

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov